UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


MARY A. BOWKER,                     )
                                    )
        *Plaintiff*                )
                                    )
v.                                  )    No. 2:13-cv-122-DBH
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social Security,    )
                                    )
        *Defendant*                )


# REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises two issues: whether the administrative law judge gave appropriate weight to the opinions of the plaintiff's primary care physician and whether he should have found her depression to be a severe impairment. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from plantar fasciitis, degenerative joint disease of the knees, status post right knee arthroscopy, chronic pain, and obesity, impairments that were severe, but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R.

---

[1] This action is properly brought under 42 U. S. C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 11, 2013, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 13-14; that she retained the residual functional capacity ("RFC") to perform light work, with occasional climbing of stairs, no climbing of ladders, ropes, or scaffolds, and occasional stooping, kneeling, crawling, and crouching, Finding 5, *id*. at 15; that she was unable to perform any past relevant work, Finding 6, *id*.at 18; that, given her age (44 on the amended onset date, March 31, 2009), general equivalency diploma, work experience, and RFC, use of the Medical Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P, as a framework for decision-making led to a conclusion that there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 18; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, July 26, 2011, Finding 11, *id*. at 19. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence

in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Dr. Kaplan's Opinion

Allan Kaplan, M.D., filled out a form entitled "Treating Source Statement – RFC" which is the focus of the plaintiff's contention that the administrative law judge should have given more weight to Dr. Kaplan's opinions. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 13) at 3-10. Dr. Kaplan, who had been treating the plaintiff for approximately 15 months at the time he filled out the form, Record at 683, checked boxes on the form restricting the plaintiff to part-time work of not more than four hours per day and 20 hours per week and at the sedentary exertional level. *Id*. at 683-84, 686.

The administrative law judge said the following about Dr. Kaplan's opinions:

> As for the opinion evidence, Dr. Allan Kaplan has completed residual functional capacity forms dated May 2, 2011 indicating the [plaintiff] is limited to sedentary work, not to exceed twenty hours a week, and could probably not complete a normal work day and week without interruption

3

> from physically based symptoms (Exhibit 23F). The undersigned Administrative Law Judge is not persuaded by Dr. Kaplan's opinion, as it is conclusory in nature, fails to give disabling limitations and is an assessment of the [plaintiff's] ability to engage in basic work like activities, which is an opinion reserved to the Commissioner. Additionally, this opinion is inconsistent with that voiced in contemporaneous treatment notes. In treatment notes dated June 22, 2010, Dr. Kaplan has opined his uncertainty that the [plaintiff] would qualify for total disability (Exhibit 18F). Accordingly, the undersigned Administrative Law Judge does not assign it the controlling weight ordinarily assigned to a treating physician[']s report commenting on the [plaintiff's] abilities (20 C.F.R. §§ 404.1527 and 416.927). Nevertheless, Dr. Kaplan's observations and findings are not ignored and have been carefully considered in providing insight as to functional ability and how they affect the [plaintiff's] ability to work (20 C.F.R. §§ 404.1513(d)(1) and 416.913(d)(1))).

Record at 17.

The plaintiff first argues that Dr. Kaplan's opinions are not conclusory, because he does not state that the plaintiff is disabled. Itemized Statement at 6. That is not the sense in which the administrative law judge used the word. Dr. Kaplan's opinions, as stated on the form, are conclusory in that no basis for any of the opinions is given. *See, e.g., Miller v. Astrue*, Civil No. 09-156-B-W, 2010 WL 1935752, at *4 (D. Me. May 10, 2010). The plaintiff goes on to discuss the ways in which she believes Dr. Kaplan's opinions are consistent with his records of his treatment of the plaintiff. Itemized Statement at 7-8. That consistency may well be present, but it does not require the administrative law judge to give Dr. Kaplan's opinions controlling weight. Some of those opinions are inconsistent with other medical evidence in the record; that fact alone deprives them of controlling weight. 20 C.F.R. § 404.1527(d)(2). I do not see how the administrative law judge could give them more weight than she did, without giving them controlling weight, to the point where a different outcome for the plaintiff's claim would be required.

4

The plaintiff next attacks the administrative law judge's statement, Record at 17, to the effect that Dr. Kaplan's statement on the form – that the plaintiff was capable only of part-time work, no more than 20 hours per week – was inconsistent with the opinion stated in Dr. Kaplan's notes of June 22, 2010, where he writes "[d]iscussed that I was not certain she would qualify for total disability (i[.]e[.] no work) based on the above" findings. Record at 623. The plaintiff suggests that the concept of "total disability" is foreign to Social Security law, and, therefore, "[t]he fact that Dr. Kaplan may believe that even with [the] limitations [included in the Treating Source Statement], the Plaintiff is not 'totally disabled' is irrelevant to the Plaintiff's claim." Itemized Statement at 9. The limitations to which the plaintiff refers were recorded at a later time and cannot be imputed into Dr. Kaplan's opinion in June 2010. The administrative law judge did not err when she found some inconsistency between the two statements by Dr. Kaplan. Even if there were such an error, it would not necessitate a different outcome (assigning Dr. Kaplan's opinion controlling weight) and accordingly is harmless.

Dr. Kaplan's opinions are also inconsistent with those of the state-agency physician reviewers, one of whom, Donald Trumbull, M.D., who had the benefit of the plaintiff's medical records through March 4, 2010, found a capacity for light work.[2] Record at 496, 501; *see also id.* at 422-29 (assessment by Glenn Gianini, D.O., dated November 11, 2009). This is another reason why Dr. Kaplan's opinions could not be given controlling weight.

---

[2] At oral argument, the plaintiff's attorney asserted that Dr. Trumbull's opinion should have been given limited weight because it conflicted with the opinions of her treating medical professionals. This argument inverts the legal standard applicable to conflicts between the opinions of treating physicians and state-agency physicians, which allows an administrative law judge to discount the opinions of treating medical professionals when there is conflicting evidence in the record, including the opinions of state-agency reviewers. *See, e.g., Gilson v. Colvin*, No. 1:12-cv-376-GZS, 2013 WL 5674359, at *3 (D. Me. Oct. 17, 2013). The plaintiff's attorney understandably cited no authority for this new view of Social Security law.

## B. Step 2 Issues

The plaintiff argues that the administrative law judge should have found her depressive disorder to be severe. Itemized Statement at 10-13. The administrative law judge addressed this issue as follows:

> There is some question of disability related to depression, but this is not supported by the medical evidence of record. Though there are mentions of symptoms of depression, followed by brief treatment, the records indicate the [plaintiff] improved significantly with treatment. Under the regulations at 20 C.F.R. §§ 404.1509 and 416.909, an impairment must have lasted or must be expected to last for a continuous period of at least twelve months or be expected to result in death in order to meet the durational requirements. In this instance, the [plaintiff's] condition was resolved and no longer posed any work related restrictions prior to this twelve-month period. As a result, the undersigned finds this is not a severe impairment within the meaning of the regulations.
>
> The [plaintiff's] medically determinable mental impairment of depression[] does not cause more than minimal limitation in the [plaintiff's] ability to perform basic mental work activities and is therefore nonsevere. In making this finding, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1) . . . . Based on the entire evidence of record, the undersigned finds that the [plaintiff] experiences mild limitation in activities of daily living; mild limitation in social functioning; mild limitation in concentration/persistence/pace; and no episodes of decompensation of extended duration. Neither does the record suggest any basis for a conclusion that the requirements of Part C are met in this case. Because the [plaintiff's] medically determinable mental impairments cause no more than "mild" limitation in any of the first three functional areas and "no" limitation in the fourth area, they are nonsevere (20 CFR 404.1520a(d)(1) and 416.920a(d)(1).

Record at 13-14.

The plaintiff asserts that "[t]he ALJ's conclusion that the treatment the Plaintiff received at Sweetser resolved her depression is not supported by Sweetser's records." Itemized Statement at 11. She then recites what she told the person who conducted her "Initial Comprehensive

Assessment" at Sweetser. *Id*. at 11. This information, of course, cannot be used to establish that an impairment is severe at Step 2. *E.g., Cyr v. Astrue*, No. 1:11-cv-433-GZS, 2012 WL 3095437, at *3 (D. Me. July 10, 2012); *O'Brien v. Social Sec. Admin. Comm'r*, No. 1:11-cv-00193-NT, 2012 WL 1041323, at *7 (D. Me. Mar. 23, 2012).

The Sweetser counselor, who is not an acceptable medical source and thus may not serve as the source for a finding that an impairment is severe, did describe the plaintiff's self-reported symptoms as "similar to" anxiety disorder and depressive disorder, and assigned the plaintiff a Global Assessment of Functioning score of 46, Record at 538, 553, but that information is acceptable to establish the existence of a severe impairment at Step 2. *Schuster v. Massanari*, No. 00-270-B, 2001 WL 912403, at *3 (D. Me. Aug. 13, 2001); Social Security Ruling 06-03p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2013) at 329. The same is true of the later, and final, notes in the Sweetser record, from a licensed clinical social worker. Record at 536.

The plaintiff points out that Dr. Kaplan, whom the plaintiff describes as her "primary care physician," Itemized Statement at 3, included depression in the list of the plaintiff's medical conditions that he was treating on the Treating Source Statement form.[3] Record at 683. However, Dr. Kaplan does not report on that form any work-related restrictions due to psychologically based symptoms. *Id*. at 684. More important is the fact that the plaintiff's itemized statement does not identify any work-related limitations due to depression. For this reason alone, she is not entitled to remand on the basis of any error at Step 2. *E.g., Crocker v. Social Sec. Admin. Comm'r*, No. 1:09-cv-459-JAW, 2010 WL 3274509, at *2 (D. Me. Aug. 16,

---

[3] The plaintiff also refers to Dr. Kaplan's prescriptions of Lexapro, Cymbalta, and Wellbutrin, presumably to treat her depression, Itemized Statement at 12, but "[t]he fact that medication for the condition is prescribed, standing alone, is not medical evidence that the impairment has more than a minimal effect on the claimant's ability to work." *Parsons v. Astrue*, Civil No. 08-218-B-W, 2009 WL 166552, at *2 n.2 (D. Me. Jan. 23, 2009).

2010) ("[A] Step 2 error does not warrant remand unless the plaintiff can demonstrate that inclusion of the impairment would have changed the outcome."); *Parsons,* 2009 WL 166552, at *3 (same).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may filed objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of December, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge